### In the Matter of Robert Michael GHOLSTON.

### No. 41S00–0206–DI–350.

Supreme Court of Indiana.

Feb. 26, 2004.

### *ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** Under Count I of the complaint a client requested the respondent to prose-

cute a petition to modify child support and visitation. The client paid a $400 retainer, but never heard anything further from the respondent despite attempts to contact him by phone.

Under Count II a client hired respondent to handle an estate. During the first two years of the representation, the respondent admitted to the client he had taken no action. During the next three years, the respondent did not respond to the client's numerous attempts to contact him. However, the respondent did contact the client from time to time when he needed money. During this time, the court dismissed the estate pursuant to Ind.Trial Rule 41(E). The respondent did not inform the client of the dismissal. Subsequently, the client discharged the respondent.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.1 by failing to provide competent representation; Prof. Cond.R. 1.3 by failing to act with reasonable diligence and promptness in representing clients; Prof.Cond.R. 1.4 by failing to keep clients reasonably informed about the status of a matter, failing to promptly comply with reasonable requests for information and failing to explain a matter to the extent reasonably necessary to permit the clients to make informed decisions regarding representation; and Prof.Cond.R. 1.16(d) by failing to surrender papers or property upon termination of representation by the client.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for at least ninety (90) days, effective April 15, 2004, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Ordinarily, a suspension for 90 days would be followed by automatic reinstatement. However, under the circumstances presented in this case, the respondent will be required to petition for reinstatement as provided in Ind. Admission and Discipline Rule 23, Section 4, should he desire readmission to the bar. In addition to the requirements set forth therein, the respondent will also be required to demonstrate as a condition of reinstatement that he has completed forty (40) hours of formal training in law office management and repaid his clients $2,567.41 for delinquent inheritance taxes they were assessed. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Douglas E. Cressler, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.